993 A.2d 1228

IN THE MATTER OF EMIL T. RESTAINO,
AN ATTORNEY AT LAW.

June 3, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision DRB 08–403, concluding that **EMIL T. RESTAINO of BELLEVILLE,** who was admitted to the bar of this State in 1984, should be censured for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with the client), and *RPC* 1.5(b)(failure to set forth, in writing, the rate of basis of the fee) in two matters, and *RPC* 8.4(c)(misrepresentation) in one matter;

And **EMIL T. RESTAINO** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a six-month suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct and that respondent should be required to complete courses in professional responsibility and law office management and practice law under supervision following reinstatement to practice;

And good cause appearing;

It is ORDERED that **EMIL T. RESTAINO** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective July 1, 2010; and it is further

ORDERED that prior to reinstatement to practice, respondent shall enroll in and successfully complete a course in the area of professional responsibility and a course in law office management, which courses shall be approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that respondent comply with *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.